UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,                   :
                                            :          **SUMMARY ORDER**
                                            :          **20-cr-219 (DLI)**
            -against-                       :
                                            :
PAUL BELLOISI,                              :
                                            :
                        Defendant.          :
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

Defendant Paul Belloisi ("Defendant") is charged with conspiracy to possess cocaine with the intent to distribute in violation of 21 U.S.C. § 846 and § 841(b)(1)(A)(ii)(II); conspiracy to import cocaine in violation of 21 U.S.C. § 963 and § 960(b)(1)(B)(ii); and importation of cocaine in violation of 21 U.S.C. § 952(a), § 960(a)(1), and § 960(b)(1)(B)(ii).  *See*, Indictment, Dkt. Entry No. 11.  Trial in this matter is scheduled to commence with jury selection on April 24, 2023.  *See,* Minute Entry dated September 22, 2022.

On March 3, 2023, Defendant moved to preclude the government from offering the testimony of retired New York City Police Department Sergeant Darryl Valinchus ("Valinchus") as an expert witness on historical cell site and location data and forensic cellphone extraction, challenging the sufficiency of the Government's disclosure pursuant to Fed. R. Crim. P. 16 and the admissibility of the testimony pursuant to Fed. R. Evid. 702.  *See*, Defendant's Motion ("Def. Mot."), Dkt. Entry No. 57.  In the alternative, Defendant moved for a *Daubert* hearing regarding the admissibility of said expert testimony.  *Id.* at 11.  On March 10, 2023, the Government opposed Defendant's motion.[1]  *See,* Government's Opposition ("Gov't Opp'n").

---

[1] The Court notes that Defendant also filed a reply which was not permitted with this instant motion and which was stricken.  *See*, Def. Reply, Dkt. Entry No. 59 and Electronic Order dated March 21, 2023.  The Court also notes that

For the reasons set forth below, Defendant's motion, including his request for a *Daubert* hearing, is denied in its entirety.

## **DISCUSSION**[2]

## I.     **Request for Preclusion Pursuant to Federal Rule of Criminal Procedure 16**

Defendant argues that Valinchus' testimony should be precluded as it is deficient due to its generalized nature and does not explain the expert's analysis or opinion. Def. Mot. at 5, 7. Pursuant to Rule 16, the disclosure for an expert witness must contain *inter alia* "a complete statement of all opinions that the government will elicit from the witness in its case- in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed" and "the bases and reasons for them." Fed. R. Crim. P. 16(a)(1)(G)(iii). The Rule also requires disclosure of the "witness's qualifications, including a list of all publications authored in the previous 10 years" and "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition," both of which undisputedly have been provided here. *Id.*

The Court has reviewed the disclosure that Defendant annexed to its motion and the Court is satisfied that it meets the requirements of Rule 16. *See*, Gov't Expert Disclosure, Dkt. Entry No. 57-1. The disclosure and the annexed exhibit reveal more than just general topics about which Valinchus will testify. The disclosure lists three specific and detailed areas about which Valinchus will provide testimony, such as Valinchus' analysis of cell site and location data in this case, how cellular technology works, and the process of forensic cellphone extraction, including the forensic extraction of a device relevant to this case. *Id.* at 2. The disclosure also includes Valinchus'

---

Defendant did not move to preclude the testimony of the Government's expert on chemical analyses of substances related to this case. *See*, Def. Mot. at 3.

[2] The Court assumes familiarity with the facts and procedural history of this case.

anticipated testimony about "the particular areas, times, and usages of cellular devices relevant to this case." *Id.* Furthermore, an exhibit to the disclosure indicates the approximate locations where the cell devices were at particular times. *Id.* at 8 - 9. Indeed, Defendant acknowledges that he understands the contours of the disclosure, *i.e.*, Valinchus will testify, *inter alia*, about data extracted from Defendant's cellphone or obtained via subpoena from another individual's phone. Def. Mot. at 5. Finally, the Court expects that the Government will adhere to its representation that Valinchus' testimony will not be "more expansive than the relatively uncomplicated matters described in the disclosure." Gov't Opp'n at 6.

## II.     Request for Preclusion Pursuant to Federal Rule of Evidence 702 and *Daubert*

Defendant argues that Valinchus' testimony should be precluded pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Def. Mot. at 7-11. Pursuant to *Daubert* and Fed. R. Evid. 702, courts act as gatekeepers in determining the admissibility of purported expert testimony. Rule 702 requires that: (1) an expert have "scientific, technical, or other specialized knowledge [that] will help the trier of fact to understand the evidence or to determine a fact in issue;" (2) the testimony be "based on sufficient facts or data;" (3) the testimony be "the product of reliable principles and methods;" and (4) an expert must "reliably appl[y] the principles and methods to the facts of the case." Fed. R. Evid. 702. To be admissible, expert testimony must "rest[] on a reliable foundation and [be] relevant to the task at hand." *Daubert*, 509 U.S. at 597. The court's inquiry is "a flexible one" *Id.* at 594.

Defendant's challenge to the Government's expert consists of conclusory and vague arguments concerning the methodology used by Valinchus, the reliability of his opinion, and whether it will assist the jury, without at all controverting Valinchus' qualifications. *See*, Def. Mot. at 8. Defendant also contends that Valinchus' testimony may not be relevant. *Id.* at 10.

3

Common sense dictates, and the Second Circuit has held, that the type of testimony that the Government seeks to elicit is precisely the kind that is beyond the ken of a lay jury and requires the testimony of an expert to help the jury understand the evidence. *See*, *United States v. Natal*, 849 F.3d 530, 536 (2d Cir. 2017) (holding that testimony on how cellphone towers operate must be offered through an expert witness). Significantly, as the Government notes in its opposition, there is a wide consensus in the judicial community about the admissibility of cell site testimony, which, at this juncture, is not a controversial issue. The Court need not repeat herein the numerous cases from around the nation cited by the Government supporting this point. *See*, Gov't Opp'n at 3-4. *See also, United States v. Ramsey*, 2023 WL 2523193, at *18 (E.D.N.Y. Mar. 15, 2023) (collecting cases and joining the "many other courts" in this Circuit that have "upheld expert testimony on" cell site location information). It is common sense that Valinchus' testimony undoubtedly will assist the jury to understand the evidence. The average person is unaware of how cell site technology operates and how extraction of data is accomplished for example. Finally, having presided over a suppression hearing in this case, the Court is satisfied by the Government's proffer as to the relevance of Valinchus' testimony. *See*, Gov't Opp'n at 1-2, 4-5.

Importantly, given the relevance and generally wide acceptance of the proffered expert testimony, any issues that may exist with the expert's testimony do not warrant preclusion as those concerns go to the weight, not admissibility, and can be addressed on cross-examination. *See*, *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002) ("our adversary system provides the necessary tools for challenging reliable, albeit debatable, expert testimony."); *United States v. Powell*, 2022 WL 4451389, at *2 (E.D.N.Y. Sept. 23, 2022) (concerns regarding cell site data testimony go to weight not admissibility ).

4

Lastly, Defendant heavily relies on a single inapposite case from a court of concurrent jurisdiction that neither is precedential nor persuasive. In *United States v. Nieves*, 2021 WL 1535338 (S.D.N.Y. Apr. 19, 2021), the testimony at issue was precluded because of Fed. R. Evid. 403 concerns. Here, the expert's testimony is relevant and there are no articulable Rule 403 concerns.

### III.     Request for a *Daubert* Hearing

Defendant also requests a *Daubert* hearing. *See*, Def. Mot. at 11-12. "A *Daubert* hearing is [ ] held by the Court for the purpose of determining whether or not expert [ ] testimony proffered by any party may be admitted at trial[,]" based on a challenge to the reliability of the methodology or science involved. *United States v. Chang*, 574 F. Supp.3d 94, 102 (E.D.N.Y. 2021) (citation and quotation omitted); *United States v. Williams*, 506 F.3d 151, 161 (2d Cir. 2007). Here, a *Daubert* hearing is unnecessary because the admissibility of cell site testimony is "relatively non-controversial at this point." *Powell*, 2022 WL 4451389, at *2 (citing cases where cellular location data admitted at trial without a *Daubert* hearing). *See also*, *United States v. Ray*, 2022 WL 101911, at *8 (S.D.N.Y. Jan. 11, 2022) (explaining that a hearing was not necessary as the Court was exercising its discretionary gatekeeping function in determining the reliability and relevancy of the testimony). Thus, Defendant's request for a *Daubert* hearing is denied.

### **CONCLUSION**

For the reasons set forth above, Defendant's motion to preclude expert testimony and for a *Daubert* hearing is denied in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
      March 30, 2023                                  _____/s/_____
                                                                            DORA L. IRIZARRY
                                                        United States District Judge