RMP/MS
F. #2020R00153

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

   - against -                                     No. 20-CR-219 (DLI) (RML)

PAUL BELLOISI,

              Defendant.

– – – – – – – – – – – – – – – – – –X

GOVERNMENT'S PROPOSED VOIR DIRE REQUESTS,
LIST OF NAMES AND
<u>SUMMARY OF THE CASE</u>

                                                          BREON PEACE
                                                          UNITED STATES ATTORNEY
                                                           Eastern District of New York
                                                          271 Cadman Plaza East
                                                          Brooklyn, New York 11201

Robert M. Pollack
Margaret Schierberl
Assistant U.S. Attorneys

## PRELIMINARY STATEMENT

The government respectfully submits, pursuant to the Court's scheduling order dated September 22, 2022, the following proposed statement of the case to be read to prospective jurors during jury selection, and, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, the following proposed voir dire questions and list of names expected to be mentioned during the trial scheduled to commence with jury selection April 24, 2023. The government submits that the questions listed below will aid in the selection of a fair, impartial and unbiased jury.

The government estimates that its case-in-chief will take approximately three to five days to present.

## STATEMENT OF THE CASE

In February 2020, the defendant, Paul Belloisi, was employed as a mechanic for American Airlines at John F. Kennedy International Airport. The indictment charges the defendant with three counts, or charges. First, Count One charges that the defendant, in or about February 2020, conspired to possess with intent to distribute cocaine. Second, Count Two charges that the defendant, around this same time, conspired to import cocaine. Third, Count Three charges that on or about February 4, 2020, the defendant imported cocaine.

Cocaine is a Schedule II controlled substance.

PROPOSED VOIR DIRE REQUESTS

In accordance with Rule 24(a) of the Federal Rules of Criminal Procedure, the government respectfully requests that, in addition to its usual voir dire, the Court ask the following questions in jury selection for this case:

A. <u>Personal Experience with the Criminal Justice System</u>

1. You will hear testimony in this case from various law enforcement officers, including members of Customs and Border Protection ("CBP"), the Department of Homeland Security, Homeland Security Investigations ("HSI") and the Drug Enforcement Administration ("DEA"). Do you feel predisposed for any reason to either believe or disbelieve a law enforcement officer's testimony?

2. Is anyone related to someone in law enforcement or have a close friend who is in law enforcement? If so, please explain.

3. Have you, or has any member of your family, either as an individual or in the course of business, ever been a party to any legal action, criminal case, or dispute with the United States, with any agencies or employees of the government or law enforcement, or otherwise had any interest in any such legal action, case or dispute or its outcome?

4. Have you, or have any of your relatives or close friends ever been arrested or accused of, charged with or convicted of a crime or been the subject of a criminal investigation? If so:

    a) What was the nature of the investigation?

    b) What was the outcome?

c) Do you think you or your family member or friend was treated fairly by the criminal justice system? Why/why not?

a) If not, why do you feel that you, your family member or friend was not treated fairly?

2. Have you, or have any of your relatives or close friends, ever been the victim of a crime, and, if so, were you satisfied with any law enforcement response?

3. Have you, or have any of your relatives or close friends, ever been questioned in any matter by law enforcement agents?

4. Have you, or have any of your relatives or close friends, ever been a witness or a complainant in a grand jury investigation or a trial, whether federal, state or local?

5. Have you, or have any of your relatives or close friends, ever been employed at John F. Kennedy International Airport or any airport?

6. Have you, or have any of your relatives or close friends, even been employed by American Airlines or any airline?

7. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that, even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

8. Will you be able to accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into the deliberations of the jurors as to whether a defendant on trial here is guilty?

9. Some of the evidence in this trial will come from text messages and other electronic evidence that the government obtained pursuant to judicially authorized search warrants. Do you have any feelings about such investigative techniques that would affect your ability to consider such evidence fairly and impartially?

10. Do you have any knowledge about the parties or the case?

11. Would you be able to set aside any sympathies or biases you may have for any of the parties, in reaching a verdict?

12. Will you be able to follow and apply the law as instructed by the Court, even if you disagree with it?

B. General Questions

13. The government respectfully requests that the Court inquire as to the following:

    a. Difficulty reading or understanding English;

    b. Educational background;

    c. Military background;

    d. Present employment and job duties;

    e. Significant past employment;

    f. General area of residence;

    g. People who live with juror and his/her/their occupation(s);

    h. Marital and parental status;

    i. Whether the juror or any family member or close friend has ever worked for a criminal defense lawyer or private investigator;

j. Whether the juror or any relatives or close friends are judges, law clerks, court attendants, court clerks, other types of court personnel.

14. Do you hold religious beliefs that would prevent you from passing judgment on another person?

## LIST OF WITNESSES AND NAMES

A. <u>Defendants and Defense Counsel</u>

   1. Paul Belloisi (Defendant)

   2. David J. Cohen (Attorney for Paul Belloisi)

   3. Benjamin L. Simpson (Attorney for Paul Belloisi)

B. <u>Seated at the Government's Table</u>

   1. Robert M. Pollack (Assistant U.S. Attorney)

   2. Margaret Schierberl (Assistant U.S. Attorney)

   3. Sophia Cronin (Paralegal Specialist, U.S. Attorney's Office)

   4. Special Agent John Moloney (Department of Homeland Security, Homeland Security Investigations)

C. <u>List of Names</u>

   1. Alan Wolfe

   2. Journael "Garry" Cambry

   3. Sean Gabay

   4. Brian Hall

   5. Lorenzo "Larry" Meccariello

   6. Randall LeRuth

7. Norman Gordon

8. Terry Dee Dowell

9. Frank Morelli

10. Michael Guarnieri

11. Michael Robinson

12. Vincent Sferazzo

13. Darryl Valinchus

14. Marco Buono

15. Carolina Belloisi

16. Philip Guerra

17. Stephen Mackesy

## CONCLUSION

The government requests that the Court include the foregoing in its voir dire to

the jury. In addition, the government respectfully requests the opportunity to submit further requests to amend those submitted as appropriate.

Dated:      Brooklyn, New York
             April 3, 2023

Respectfully submitted,

BREON PEACE
United States Attorney
Eastern District of New York

By:     /s/
Margaret Schierberl
Robert M. Pollack
Assistant United States Attorneys
(718) 254-7000

cc:    Clerk of the Court (DLI) (RLM) (By ECF)
      Defense counsel of record (by ECF)