<pre>
UNITED STATES DISTRICT COURT
  EASTERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA     )
                             )
                             )
        v.                   )     Case No. 20-CR-219 (DLI) (RML)
                             )
PAUL BELLOISI                )
                             )
        Defendant.           )
_____)
</pre>

**DEFENDANT'S PROPOSED VOIR DIRE PROCEDURE AND QUESTIONS**

**Now comes** the defendant, Paul Belloisi, by his counsel, David J. Cohen and Benjamin L. Simpson, and hereby proposes the following *voir dire* procedure and questions in an effort to aid in the select of the trial jury in this matter:

**I.    PROPOSED DESCRIPTION OF CASE**

Mr. Belloisi respectfully requests that the following description of the case be provided to the jury at the outset of *voir dire*:

This case involves criminal charges brought by the federal government against Paul Belloisi**.** The charges against Mr. Belloisi are contained in an indictment, which is a formal accusatory instrument and is not itself evidence of any kind. At trial, the prosecution must prove the charges against Mr. Belloisi beyond a reasonable doubt. Mr. Belloisi has pleaded not guilty to the charges and, under the law, is presumed innocent.

The indictment contains three counts. Count one alleges that Mr. Belloisi, with others, knowingly and intentionally conspired to possess, with the intent to distribute, cocaine. Count

two alleges that Mr. Belloisi knowingly and intentionally conspired with others to import cocaine into the United States; and count three alleges that Mr. Belloisi knowingly and intentionally imported cocaine into the United States from a place outside thereof. The three charges arise from events that took place during the afternoon and evening of February 4, 2020 at John F. Kennedy Airport in Queens County, here in the Eastern District of New York.

Specifically, the prosecution alleges the Mr. Belloisi was involved in a conspiracy with unnamed and unknown other persons wherein he and they had conspired to, and did transport over five kilograms of cocaine in the avionics compartment of a commercial American Airlines aircraft that arrived at JFK Airport on the afternoon of February 4, 2020 from Montego Bay, Jamaica. The prosecution claims the cocaine was uncovered by law enforcement officers shortly after the plane's arrival at JFK and the cocaine was removed and replaced with imitation cocaine after which officers set up surveillance on the aircraft. The prosecution alleges that Mr. Belloisi, an American Airlines mechanic at JFK, in furtherance of the conspiracy he is allegedly a part of, later entered that plane's avionics compartment, prior to the aircraft's next departure from JFK, with the intention of collecting and taking possession of the cocaine that had been secreted there by one or more other members of the conspiracy prior to the plane's arrival at JFK. The prosecution does not allege that Mr. Belloisi was found in possession of or actually possessed cocaine or the imitation cocaine law enforcement officers had placed in the plane.

Mr. Belloisi denies that he imported cocaine or that he is a member of any conspiracy to import or possess cocaine. Mr. Belloisi denies any knowledge that cocaine or imitation cocaine were inside the avionics compartment of the plane when he entered into it, and asserts that his purpose in entering the avionics compartment was to fix a mechanical issue with the aircraft he had just discovered.

## II.     REQUEST FOR COUNSEL TO QUESTION PROSPECTIVE JURORS

Mr. Belloisi respectfully requests that counsel be permitted to conduct at least a portion of the *voir dire*. The Sixth Amendment of the United States Constitution entitles all criminal defendants to a trial by "an impartial jury." The Supreme Court has stated that the "primary means" of enforcing the 6th Amendment is the jury selection process.[1] Counsel-led questioning of potential jurors and through the full employment of the peremptory challenge[2], is the most effective method of *voir dire* in obtaining obtain an impartial jury.

Accordingly, the defense respectfully requests, pursuant to the Court's exercise of its broad, but not unlimited[3] discretion under Rule 24(a) of the Federal Rules of Criminal Procedure, that in addition to the *voir dire* conducted by the Court, that defense counsel and the government, if it wishes, be permitted to question the panel directly as follows: 30 minutes for the first set of prospective jurors, 20 minutes for the second set, and 15 minutes for all subsequent panels.

Attorney conducted *voir dire* will permit the most effective and intelligent exercise of peremptory challenges which are in place to advance the goal of meeting the constitutional requirement of an impartial jury. See generally, *Swain v. Alabama*, 380 U.S. 202, 218-20 (1965). In order for peremptory challenges to serve their purpose they must be intelligently exercised and are rendered "worthless if trial counsel is not afforded an opportunity to gain the necessary information upon which to base such strikes." *United States v. Ledee*, 549 F.2d 990, 993 (5th Cir.), *cert. denied*, 434 U.S. 902 (1977); see also, *United States v. Corey*, 625 F.2d 704, 707 (5th Cir. 1980) ("[t]his Court has previously stressed that *voir dire* examination not conducted by counsel has little meaning").

---

[1] *Gomez v. United States*, 490 U.S. 858, 873 (1989).
[2] *Pointer v. United States*, 151 U.S. 396, 408 (1894) (A "system that prevents of embarrasses the full, unrestricted exercise of that right of challenge must be condemned.").
[3] See, *United States v. Nieves*, 58 F.4th 623, 626 (2d. Cir. 2023); see also, *Aldridge v. United States*, 283 U.S. 308, 310 (1931) (Noting the court's discretion under Rule 24(a) remains "subject to the essential demands of fairness.").

An important and inherent reason why a short period of attorney conducted *voir dire* after the Court's general *voir dire* will make the use of peremptory challenges more intelligent and lead to an impartial jury is the attorneys' more in-depth knowledge of the case. The attorneys here have been working on this case for years and are intimately familiar with the nuances of the facts and evidence in a way the Court simply is not and cannot be. Moreover, in the instant matter, jury selection has been assigned to this Court randomly just a matter of weeks in advance of trial and there can be no expectation that the Court will be able to probe and ask follow-up questions of jurors with anywhere near the effectiveness of counsel for the parties who are, also of course, analyzing and synthesizing the information for the purposes of determining whether to exercise a peremptory challenge. By allowing the attorneys to conduct a short period of *voir dire* after the Court's own general *voir dire*, the Court remains able to control and effectively limit both the length and scope of attorney *voir dire* while also allowing it be used in the most efficient and also constitutionally appropriate manner in helping achieve the impartial jury.

Attorney conducted *voir dire* has the additional benefit of aiding the parties in complying with the requirements of *Batson v. Kentucky*, 476 U.S 79 (1986) while also helping to ward any claim of reversible error against the court on appeal based on any impairment of the right to exercise peremptory challenges, which, requires reversal even without a showing of prejudice. *Lewis v. United States*, 146 U.S. 370, 376 (1892); see also generally, *United States v. Nieves*, 58 F.4th 623 (describing the exceedingly "brisk" court-only *voir dire* that led to a finding that the trial court had abused its discretion and rendered it impossible for counsel to effectively and intelligently utilize their peremptory challenges.). On the other hand, the possibility of the defendant complaining on appeal about the Court's failure to ask a question or engage in a line of inquiry during *voir dire* would be eliminated as the Court would be effectively transferring the

burden of asking such questions to counsel and insulating itself from claims of error in this regard. See generally, *United States v. Rigsby*, 45 F.3d 120, 125 (6th Cir. 1995) (rejecting appeal based on failure of court to ask a particular *voir dire* question where defense attorneys were allowed to conduct additional *voir dire* after initial *voir dire* by the court), cert denied, 514 U.S. 1134 (1995).

Accordingly, as ensuring Mr. Belloisi receives a fair trial with an impartial jury is required under the Constitution, and the Court is uniquely positioned to help achieve that goal by allowing counsel to supplement the Court's questioning of the jury pool, the defense respectfully requests that the Court consider and grant this request.

*Additional Procedural Requests*

- The defense further requests that the Court afford all *venire* persons the opportunity to discuss any "private" matters *in camera* to ensure that any embarrassing or confidential issues are fully revealed and explored by all the parties.

- It is also requested that the defense be permitted to request further *voir dire* questions after the government provides its trial exhibits, complete witness list, and all 3500 materials to the defense.

- Finally, the defense respectfully requests that the list of potential jurors in the venire be provided to the parties one (1) week prior to start of trial.

### III. PROPOSED VOIR DIRE QUESTIONS

Pursuant to Fed. R. Crim. P. 24, Mr. Belloisi respectfully requests the Court to ask the prospective jurors the following questions and to permit follow-up questions and/or individualized questioning where appropriate:

### Law Enforcement & Expert Witnesses

1. Please raise your hand if you strongly agree, agree, or are neutral with the following statement:

Federal law enforcement officers are more likely to tell the truth under oath than either state law enforcement officers or non-law enforcement officers.

2. Please raise your hand if you strongly agree, agree or are neutral with the following statement:

A federal law enforcement officer would not lie under oath.

3. Please raise your hand if you strongly agree, agree or are neutral with the following statement:

Someone who has been arrested by federal officers and indicted with federal crimes is likely to be guilty of something.

4. Please raise your hand if you strongly agree, agree or are neutral with the following statement:

Federal law enforcement officers never become biased during their investigations because of their desire to achieve a particular result.

5. Please raise your hand if you strongly agree, agree or are neutral with the following statement:

Because something appears as a fact in a law enforcement officer's report it must be true and accurate.

6. Please raise your hand if you strongly agree or agree with the following statement: Once a witness is qualified as an expert by the Court their opinion is unimpeachable.

**Questions to Reveal Potential Bias Based on the Nature of the Prosecution**

1. Please raise your hand if you strongly agree, agree, or are neutral with these following statements:

    a) If a person is involved with using or selling small amounts of controlled substances, then they are more likely to take part in an international drug conspiracy.

    b) Many employees who work at JFK airport are involved in illicit activities at or through the airport.

    c) People who use cellphone applications like Signal or WhatsApp are often involved in illegal activities.

    d) People who make references to Italian deserts and mafia movies are more likely than others to be involved in criminal activity.

    e) A defendant who does not take the stand on their own behalf is likely hiding something.

    f) A defendant who chooses to testify on his own behalf is more likely to lie under oath than another witness.

2. Have you read, seen, or heard anything in the media about this case? *If yes, please permit follow-up questioning in camera.*

3. Have you ever watched the television program "To Catch a Smuggler" on the National Geographic channel?

4. Does anyone watch television programs pertaining to law enforcement officers or prosecutors, courts and criminal lawyers? If so, what shows do you watch? What appeals to you about that show?

5. Please explain your views or opinions about people who defend people accused of crimes?

6. Please explain your views or opinions about people who prosecute criminal cases.

7. Have you ever had a negative experience with a lawyer? If yes, please explain.

## **Nature of the Charges and Evidence**

1. Based on the nature of the drug charges against Mr. Belloisi, do you have any reason to believe you may not be a fair juror?

2. Have you ever been involved - as defendant, victim or any other way -- in a case involving drugs of any kind?

3. Have you or a relative, close friend, or associate ever been involved - as a defendant, victim, investigator, or in any other way - in a case involving drugs? If so, please explain.

4. Do you have any particular feelings or opinions about drug laws in the U.S.?

## **Burden of Proof, Defendant Not Testifying, and Other Legal Issues**

1. Do you strongly agree or agree with following statement:

It is unfair that the burden of proof rests solely on the government.

2. Can you return a *not guilty* verdict even if the defense does not present any

evidence or ask any questions?

3. Can you return a *not guilty* verdict if the government has failed to prove even one of the different elements of a crime beyond a reasonable doubt?

4. The United States has the burden of proving its case beyond a reasonable doubt. This burden never shifts to the defendant. He is presumed innocent and cannot be convicted unless the jury, unanimously and based solely on the evidence presented in court, decides that his guilt has been proven beyond a reasonable doubt. Would you have any difficulty following this rule where the allegations against Mr. Belloisi include conspiracy to import and possess cocaine?

5. Under our system of law, the facts are for the jury to determine and the law is for the Court to determine. These two areas are separate and distinct. At the end of the case the Court will instruct you on the law. You are required to accept the law as the Court explains it to you. It will be your job to determine the facts under the Court's explanation of the law. Regardless of what you think you know about the law, would you be willing and able to apply the law as the Court explains it to you?

6. The law provides that only the evidence produced here in Court may be considered by you to determine the guilt or innocence of Mr. Belloisi. Will you accept and follow that law?

7. Do you have any religious, philosophical or other belief that would make you unable to render a *not guilty* verdict for reasons unrelated to the evidence and the Court's instruction?

8. With these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, is there any fact, circumstance, opinion, impression, attitude of mind, personal or other experience, or identification or membership with any group or organization that would prevent you, if you are accepted as a juror in the trial of this case, from listening to the evidence with an open mind and

deciding every issue fairly and impartially, solely and only upon the evidence as heard from the witnesses and the Court's instructions as to the law?

**Juror Background Questions**

1. Please tell us:

    (a) The county in which you live;
    (b) the town/area/neighborhood in which you live:
    (c) the number of years residing there:
    (d) Do you live in a single-family home, an apartment, a cooperative, or a condominium?

2. What is your occupation; if retired, what was your profession before you retired?

3. Please describe your job responsibilities generally and whether you supervise(d) others or if you have a supervisor. (If presently unemployed, please describe your last employment or your vocation.)

4. Are you married, divorced, in a relationship or single?

5. If you are married, divorced or in a relationship, what is the occupation of that person?

6. Do you have children?

    (a) If yes, state the age of each child:

    (b) Are you the primary caretaker of your child(ren)?

7. If your children are in college, what are their major fields of study?

8. If your children work, how are they employed?

9. Where were you born?

10. What is your educational background?

11. If you own a car, do you have bumper stickers on your car? If so, what do they say?

12. If you continued your education beyond high school, what was your major area of

study?

   13. Are you a lawyer?

   If yes, state the general areas of law (criminal/civil, litigation/corporate, etc.) you have had experience practicing and roughly how long you have practiced in each area.

   If no, have you had any legal or paralegal training or ever been employed in any capacity in the legal profession? If yes, please explain.

   14. Do you have any relatives or close friends who are lawyers or who have legal training or who have ever been employed in the legal profession? If yes, state the general areas of law (criminal/civil, litigation/corporate, etc.) in which your relatives and/or close friends have had experience practicing and roughly how long each has practiced in each area.

   15. Have you or any member of your immediate family ever served in the military (including the National Guard and the military reserves)?

   15.a. If yes, please describe the nature of any such military service by you or any member of your immediate family, including the dates of service, branch of the military, rank and duties.

   16. Do you have any medical impediments which could affect your ability to see, listen, or concentrate for two (2) or three (3) hours at a time, for a week or more?

   17. Are you taking any medication or receiving any medical treatment that would make it difficult for you to give full attention to the evidence at this trial?

   18. Do you speak and understand English?

   19. Do you speak or otherwise understand any other languages?

   20. What newspapers or magazines do you read?

   21. What are your primary sources of local and national news?

22. Do you ever listen to political commentators on TV or "talk radio"?

    If yes, what station(s) and show(s) do you listen to?

23. Do you ever visit political websites or blogs? If yes, what sites do you visit?

24. Do you use social media? Please describe.

25. What television programs do you regularly watch?

26. What are your regular hobbies and activities?

27. What civic, social, union, professional, fraternal, political, recreational, or religious organizations have you belonged to or participated in? Please indicate if you've held an office in any of those groups.

28. Have you had any prior jury service?

29. If yes, was it criminal or civil? Did you deliberate on that case? Without stating the verdict, did that prior jury reach a verdict?

30. If the prior jury service involved a criminal case, what were the charges involved in that matter?

31. Was there anything about your jury experience that would make it difficult to serve again fairly and impartially?

32. Have you or any relative or close friend ever had dealings with the United States Attorney's office?

33. Do any of you know, or have any association --professional, business, or social, direct or indirect -- with any member of the staff of the United States Attorney's Office for the Southern District of New York?

34. Do you, either through any experience or anything you have seen or read, have any bias, prejudice or other feelings for or against the Department of Homeland Security, Customs Border Protection or Homeland Security Investigation What about Immigration and Customs

Enforcement, ICE? For or against the United States Attorney's Office? For or against the New York City Police Department? For or against any other law enforcement agency?

35. Have you, or has any member of your family or close friend, ever been employed by or received training by any local, state or federal law enforcement agency? Have you ever applied for employment or volunteered your services in a law enforcement agency

36. Do you have any relationships (friend, neighbor or family member) with anyone currently employed, formerly employed or seeking employment with law enforcement? For example (1) police officers, (2) agents of the federal government, including but not limited to DHS, CBP, HSI, ICE, DEA, FBI or any other federal agency, (3) prosecutors or anyone employed by a law enforcement agency in ANY capacity?

37. Do you have any relationships (friend, neighbor or family member) with anyone currently employed, formerly employed or seeking employment with the United States District Courts, its appellate courts, or any state courts?

38. Do you have any relationships (friend, neighbor or family member) with anyone currently employed, formerly employed or seeking employment with a telephone company or mobile service provider, such as T-Mobile, AT&T, Sprint, or Verizon?

39. Do you have any relationships (friend, neighbor or family member) with anyone currently employed, formerly employed or seeking employment with an airline such as American, Delta, Southwest etc.?

40. Have you or your business, any member of your family, or any close friend ever been a party to or had an interest in the outcome of an investigation, or a legal dispute with the United States, or any agency of the United States, including the IRS?

41. Have you, any member of your family, or any close friend ever had to assist law enforcement in a criminal case or investigation? If yes, what was your role and please describe your experience?

42. If yes, what happened and was the perpetrator apprehended? Did you file charges and/or prosecute the matter? Were you required to testify in any legal proceeding? Where did the incident take place?

43. Have you, any member of your family, or any close friend ever been charged with any crime, or been the subject of investigation or accusation by any governmental body?

44. Are you, any member of your family, or any close friend now under subpoena, or about to be, in any criminal case or investigation?

45. Have you, any member of your family, or any close friend ever been questioned in any matter by the United States Department of Justice, the Immigration and Customs Enforcement Agency, the Federal Bureau of Investigation, a District Attorney's Office, or police or any other investigative or law enforcement agency? If yes, please explain.

46. Have you, any member of your family, or any close friend ever been a party, appeared as a witness, or otherwise been involved in any trial or court proceeding, or any investigation by a federal or state grand jury or by a congressional or state legislative committee, licensing authority, or governmental agency?

47. The Court and the parties estimate this case will last approximately [*insert number*] weeks, although one can never be precise as to how long a trial will take. The Court recognizes that jury service places a burden on those jurors called to serve. Nonetheless, the right to a jury trial is an important constitutional right that requires the Court to call upon citizens such as yourselves to make some personal sacrifice. Bearing in mind the importance of a trial by jury,

and that mere inconvenience or the usual financial hardships of jury service will be insufficient to excuse a prospective juror, do you have reasons why you feel that jury service for such a period of time would pose a particularly severe burden requiring that you be excused from consideration?

48. Do you or does any relative or close friend of yours know or have any connection with any of the following persons representing or assisting the Government in this case? [*insert names provided by government*]

49. Do you or does any relative or close friend of yours know or have any connection with David Cohen or Benjamin Simpson, who are representing Mr. Belloisi in this case?

50. Do you or does any relative or close friend of yours know or have any connection with the defendant, Mr. Paul Belloisi, or anyone you believe to be a family member or possible family member of Mr. Belloisi?

51. Based on what you have been told about this case so far, do you have an opinion as to whether Mr. Belloisi is guilty of these charges? If yes, what is that opinion?

52. Do you or any relative or close friend of yours know or have any connection with any of the individuals who may be witnesses or who may be mentioned at trial? [*insert names*]

     //s// David Jason Cohen //s//
David J. Cohen
Cohen Forman Barone, LLP.
950 Third Avenue, 11th Fl.
New York, NY 10022
(212) 766-9111
Fax: (212) 766-9166
David@cfblaw.com