```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
UNITED STATES OF AMERICA,                :
                                         :
                                         :        SUMMARY ORDER
             -against-                   :        20-cr-219 (DLI)
                                         :
PAUL BELLOISI,                           :
                                         :
                       Defendant.        :
----------------------------------------------------------- x
```

**DORA L. IRIZARRY, United States District Judge:**

On the eve of trial[1], Defendant Paul Belloisi ("Defendant") moved to reopen the suppression hearing held in this case and either strike Customs and Border Patrol ("CBP") Officer Michael Robinson's ("Officer Robinson") testimony completely or, alternatively, permit Defendant to cross-examine Officer Robinson again due to the Government's alleged violation of 18 U.S.C. § 3500 ("Jenck's Act") and/or Federal Rule of Criminal Procedure § 26.2 ("Rule 26.2"). *See*, Def.'s Mot. to Reopen Hrg. ("Def. Mot."), Dkt. Entry 68. Defendant's allegation concerns a 19-page seizure report ("Report") provided by the Government as part of Jenck's Act material for Officer Robinson that it did not produce at the hearing. *Id.*; *See also*, Seizure Report ("Report"), Dkt. Entry No. 68-1. The Government opposes, contending that the subject report did not contain Robinson's statements and, even if it did, there is no prejudice to Defendant. *See*, Gov't Opp'n, Dkt. Entry No. 70. For the reasons set forth in the Government's opposition and below, Defendant's motion is denied in its entirety.

The parties' familiarity with the facts and the procedural history of the case is presumed and is set forth more fully in this Court's Memorandum and Order issued March 30, 2023 ("M&O") denying Defendant's motion to suppress his statements to CBP Officers and Homeland

---

[1] Jury selection began April 24, 2023.

Security Investigations ("HSI") special agents on the day of his arrest and evidence obtained pursuant to the search of his cell phone. *See,* M&O, Dkt. Entry No. 61. Only those facts necessary to decide the instant motion shall be discussed herein. Of relevance, on May 25, 2022 and June 17, 2022, this Court held a suppression hearing as to the admissibility of Defendant's statements to CBP officers and HIS agents on the day of his arrest, and of evidence obtained pursuant to a search of his cell phone. *Id.* Officer Robinson testified on June 17, 2022. *See*, Robinson Transcript ("Tr."), Dkt. Entry 70-2. Defendant extensively cross-examined Officer Robinson.[2] *Id.* As noted above, the Court ultimately denied Defendant's suppression motion in its entirety. *See,* M&O.

First, the Court concurs with the Government that Defendant has failed to show that the Report is a statement of Officer Robinson for purposes of 18 U.S.C. § 3500(e)(1). Notably, Defendant does not contend that the Report meets the definition in 18 U.S.C. § 3500(e)(2) or (e)(3). *See,* 18 U.S.C. § 3500(e)(1) (defining a "statement" as "a written statement made by said witness and signed or otherwise adopted or approved by him"); *U.S. v. Carbone*, 341 F.2d 4, 5 (2d Cir. 1965) (holding that a report was merely a summary report and not within the ambit of 18 U.S.C. § 3500 where the report did not purport to offer any testimony or statements of the witness); *See also,* Gov't Opp'n, at 3-4. Indeed, Defendant cannot do so because Officer Robinson neither wrote the Report nor signed it. Robinson Tr. at 212:20-21; *See also*, Report. Officer Robinson did not adopt or approve the Report. *Id.* His text to the effect that he believed the Report to be accurate did not constitute an adoption or approval for purposes of 18 U.S.C. § 3500(e)(1). *See*,

---

[2] Of note, the Government's direct examination of Officer Robinson consisted of nine (9) pages in the transcript, only the last four of which directly concerned Defendant. Tr. 163 – 172:1-17. Defense counsel's cross-examination of Officer Robinson consisted of 41 pages in the transcript. Tr. 172:23-25 – 213:1-9.

Robinson Text Messages, Dkt. Entry 70-3. Therefore, the Report is not Officer Robinson's statement as defined under 18 U.S.C. § 3500(e).

Second, as the Government contends, even if the Report qualifies as Officer Robinson's statement, Defendant fails to identify any prejudice to him from the fact that the report was not identified as Jenck's Act material for Officer Robinson in advance of his testimony. There is nothing in the Report that "bear[s] on the core findings of the suppression hearing," as it relates to what occurred on the tarmac. *U.S. v. Oquendo*, 192 F. App'x. 77, 81 (2d Cir. 2006). This Court's core finding as to the admissibility of the tarmac statements was "that the protections of *Miranda* were not triggered as Defendant was not in custody." M&O at 8. The Court based this conclusion on the witnesses' credible testimony. *See,* M&O at 2-6. The Court finds no discrepancies between what is contained in the Report and Officer Robinson's testimony and nothing that would alter this Court's findings of credibility or of fact or ultimate conclusions of law. *Compare* Report *with* Robinson Tr. Accordingly, Defendant fails to show that he suffered any prejudice from any failure by the Government to identify the Report as Jenck's Act material for Officer Robinson in advance of his testimony.

Finally, it is undisputed that the Government produced a version of the narrative portion ("Narrative") of the Report as part of Jenck's Act materials for Officer Moloney, who testified in May, well in advance of Officer Robinson's June 17, 2022 testimony. Indeed, Defendant concedes that the same narrative was repeated verbatim several times in documents he received for the hearing. *See*, Def. Mot. at 4. It is the law in this Circuit that a defendant's rights are not violated when the contents of unproduced materials are incorporated into a report that is produced. *See, U.S. v. Feola*, 651 F. Supp. 1068, at 1137 (S.D.N.Y. 1987) (*aff'd* 875 F.2d 857 (2d Cir. 1989)) (discussing cases and holding that failure to produce investigators' notes does not violate any right

3

under 18 U.S.C. § 3500 when those notes were incorporated in a typewritten report that was produced). At the hearing, defense counsel had ample opportunity to cross-examine Officer Robinson extensively regarding what occurred on the tarmac and did so. *See generally*, Robinson Tr. Moreover, he had in his possession the very same narrative the Government has provided for trial. Defense counsel made a strategic choice not to question Officer Robinson concerning the contents of the Report that he concedes he had well in advance of the officer's testimony. Defendant's choice not to utilize the Narrative to cross-examine Officer Robinson does not warrant any of the remedies he now disingenuously seeks.

## CONCLUSION

For the reasons set forth above, Defendant's motion to reopen the suppression hearing and to either strike Officer Robinson's testimony or be permitted to question Officer Robinson again is denied in its entirety.

SO ORDERED.

Dated: Brooklyn, New York
April 24, 2023

/s/
DORA L. IRIZARRY
United States District Judge