

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

FJN:RMP/MS
F. #2020R00153

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 30, 2023

By ECF

The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   United States v. Paul Belloisi
>        Criminal Docket No. 20-219 (DLI)

Dear Judge Irizarry:

   The government respectfully submits this letter to notify the Court and the defense of an issue that has arisen at trial and to request that the defense be precluded from presenting argument that contradicts the defendant's sworn statements in the declaration (the "Declaration," ECF No. 32-1) that the defense filed in support of his suppression motion.

   The defendant told law enforcement on the night of his arrest that before he entered the avionics compartment, he was alone on the plane, where he ate chips and drank a soda and noticed a problem with the air conditioner.  The government has offered evidence of these statements through the testimony of Special Agent Sean Gabay, Trial Tr. 358, and has shown their falsehood through (1) the testimony of Captain Randall LeRuth, that he himself was already on the plane before the time the defendant is seen arriving on video; and (2) American Airlines video footage.

   The defendant later stated in the Declaration (after having been provided the video and other discovery) that "[w]hen [he] arrived to the aircraft and boarded it, [he] observed that [he] had arrived too late as there were already flight crew members and others on the plane therefore making it impossible for [him] to take the snacks [he] went there to get."  Decl. ¶ 5.  In so stating, the defendant abandoned his earlier false statement (which he denies having made) and instead stated under penalty of perjury that the airplane had people on it when he arrived.

   Notwithstanding that admission, defense counsel sought to impeach Captain LeRuth's testimony about when the Captain arrived to the aircraft.  Defense counsel represented in sidebar that the defense "position is that [Captain LeRuth] was not on the airplane when [the defendant] went on the airplane." Trial Tr. 270:5–6.  Additionally, the defense called a defense witness—Mr. Frank Ricci—whose testimony in part seemed to seek to impeach Captain LeRuth's testimony regarding the timing of his arrival because of alerts in the cockpit when the avionics door is opened and purported activity (or purported lack of activity) in the American

Airlines video footage. It thus appears to the government that the defense is advancing a factual theory—that the defendant briefly entered an empty plane—that contradicts the defendant's prior sworn statements.

The government did not offer in its case in chief any of the defendant's statements in the Declaration, consistent with Simmons v. United States and in an abundance of caution. See Simmons, 390 U.S. 377, 389–90 (1968) (holding that defendant testimony given in an effort to suppress evidence may not be used to establish guilt at trial); cf. United States v. Jaswal, 47 F.3d 539, 544 (2d Cir. 1995) (holding that prior inconsistent suppression testimony may be used to impeach). The government does not now seek to offer any statements from the Declaration, but respectfully asks that the Court preclude the defense from presenting any argument in summation or otherwise that contradicts the defendant's prior sworn statements.

    Respectfully submitted,

    BREON PEACE
    United States Attorney

By:     /s/
    Robert M. Pollack
    Margaret Schierberl
    Assistant U.S. Attorneys
    (718) 254-7000

cc:     Clerk of the Court (DLI) (by ECF)
    Counsel of record (by ECF and E-mail)