UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 20-CR-219 (DLI) |
| | ) | |
| PAUL BELLOISI | ) | The Hon. Dora Irizarry |
| | ) | |
| Defendant. | ) | |

# PAUL BELLOISI'S REPLY BRIEF IN SUPPORT OF RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL

June 9, 2023

_____/s/_____
Benjamin L. Simpson, Esq.
Cohen Forman Barone, LLP.
950 Third Avenue, 11th Fl.
New York, NY 10022
Tel. (212) 766-9111
Fax: (212) 766-9166
ben@cfblaw.com

To: BREON PEACE
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Attn: Robert M. Pollack, Esq.
Margaret Schierberl, Esq.
United States Attorney
Eastern District of New York

## INTRODUCTION

The defense submits the instant brief in support of his pending motion for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. The defendant relies, substantively, upon the arguments set forth in his initial brief in support of the pending motion. However, due to an error by undersigned signed counsel at the time of filing the initial brief-- in filing an unrevised, non-final version thereof rather than the actual corrected, fully edited version that had been prepared at the time filing[1], the defense now seeks, pursuant to the Court's June 6, 2023 Order, to identify the areas of the initial, mistakenly filed "draft brief" filed on May 16, 2023, that should be corrected, and are, in the defense's proposed amended motion at Exhibit B.

In addition to errors that appeared in one paragraph of the memorandum's "relevant law" section, the mistakenly filed draft brief also contained multiple other sections and portions that were either changed, edited or expanded upon in the final version of the brief that was intended to be filed but was not. Given the page limit to the instant brief, it is impossible for counsel to fully represent all of the changes made in turning the 18-page draft brief (mistakenly filed) into the 19-page final draft (mistakenly not filed). Accordingly, as discussed, *infra*, the defense respectfully requests the Court's leave to file that final draft of its initial brief[2] as an amended brief to replace the errantly filed draft. Whether the Court should grant such leave or no, the defense will now describe the corrections made between version of the brief filed and the final version that was intended to be filed.

## ERRORS AND OMISSIONS IN RELEVANT LAW SECTION

As described in the undersigned's affidavit, there were multiple errors that existed in one paragraph on page four (4) the draft brief filed, which, were corrected when counsel went back

---

[1] See, Exhibit A, *Affidavit of Benjamin L. Simpson*.
[2] See, Exhibit B, *Defenses' Proposed Amended Brief in support of Rule 29 Motion*.

and conducted a review of the entire section and that case citations, making revisions to the memorandum accordingly. See, Exh. A, ¶¶5, 10-11. One such error was counsel having listed an incorrect citation to the Second Circuit case, *United States v. Bulgin*, 563 Fed. Appx. 843 (2d Cir. 2014) and also omitting the citation to another, more recent Second circuit case, *United States v. Djibo*, 850 Fed. Appx. 52 (2d Cir. 2021) which cited *Bulgin*, and was the only reason *Bulgin* appeared in the memorandum. See, Exh. B. Counsel discovered, while editing the memorandum, that counsel had also confused and conflated *Bulgin* with *United States v. Glenn*, 312 F.3d 58 (2d. Cir. 2002) (a case counsel relied upon more) and had, during the process of conducting legal research and attempting to bring various sources together, cut and pasted counsel's own search terms entered into Westlaw and elsewhere[3] in search of relevant case law and legal arguments in support of the defendant's motion. The final error in this section (that was corrected in the final version of the brief[4] from the filed draft) is a citation after a purported quotation to the Second Circuit case of *United States v. Farhane*, 634 F.3d 127 (2d Cir. 2011). Id. Counsel went back to the *Farhane* case during the final editing process and seeing that the purported quotation was but a search term counsel had created and that the case was not of any value, it was eliminated. Counsel added the necessary citation to *Djibo*, and eliminated incorrect references to *Bulgin* and *Farhane* in the brief along with correcting a citation to *Bulgin*.

CHANGES TO EVIDENCE RECITATION AND SUBSTANTIVE ARGUMENT SECTIONS

Although counsel expended significant time and made numerous alterations, including several additions to the final draft of the brief, counsel does not believe, in reviewing and

---

[3] Counsel seeks to stress that absolutely no form of artificial intelligence (AI), including ChatGPT or another type or platform was utilized in any way. Exh. A, ¶4.
[4] See, Exh. B.

comparing the two drafts, that those changes ultimately modified, in any significant way, the arguments put forward by the defense with respect to the evidence and grounds for a judgment of acquittal under Rule 29. That being said, counsel will now identify the areas in the filed draft brief that were modified in revising it into the final draft, beyond the relevant law paragraph discussed, *supra*. Counsel believes the most substantial of the changes to the brief in the "evidence at trial" section, were in the paragraphs describing and characterizing the testimony of Randall LaRuth. In addition to the several places in those paragraphs where additional words or phrases were added or deleted, counsel also created a wholly new paragraph wherein a continued discussion of LaRuth's testimony and comparison to the testimony of defense witness, Frank Ricci, was set forth. See, ECF 86, pages 7-8; see also Exh. B, pages 7-9.

Despite these modifications to the brief which, of course altered the exact manner in which the defendant characterized the evidence and what it meant, the defense does not believe that these changes constitute material alteration that change any of the arguments made the defense in support of the motion. Even more cosmetic are the minor stylistic alterations in the "cellphone and cellular phone record evidence" section where the draft brief actually filed lacked certain italic and bold highlight to certain words or phrases as appear in the final draft that was intended to be filed. Compare, ECF 86, pages 8-11; see also Exh. B, pages 9-11.

There were several minor additions or edits in section II, A. of the brief that included: the breaking a compound sentence into two sentences[5], the addition of two lines of text to the final sentence of a paragraph[6], and the correction of an incorrect citation to *Bulgin, supra*, (that was changed to *United States v. Glenn, supra*). Compare, ECF 86, pg 14, to, Exh. B, page 14 (bottom

---

[5] Compare ECF 86, page 13, first sentence, middle paragraph, to, Exb. B, page 13, bottom line.
[6] Compare ECF 86, page 13, last sentence, last full paragraph, to Exh. B, page 14, last sentence of paragraph continuing from page 13.

line). As with the earlier changes noted, the defense does not believe the revisions, while noticeable, alter, in a material manner, any aspect of the arguments made by the defense in support of the motion or would be likely to need to be addressed by the government in any response thereto. The defense of course recognizes, pursuant to the Court's June 6, 2023 Order, that the government will be permitted an opportunity to respond to the instant reply brief should they so choose.

## CONCLUSION

Having identified and described herein the corrections and modifications the defense made to the "draft brief" mistakenly filed as reflected in the proposed amended motion brief[7], as well as providing a sworn statement concerning the mistaken filing and the preparation of the motion briefs generally, the defense offers no further arguments that were not already put forward in the motion brief and the proposed amended motion brief.

WHEREFORE, the defendant, through counsel, maintains his pending Rule 29 motion seeking a judgment of acquittal.

_____/s/_____
Benjamin L. Simpson, Esq.
Cohen Forman Barone, LLP.
950 Third Avenue, 11th Fl.
New York, NY 10022
Tel. (212) 766-9111
Fax: (212) 766-9166
ben@cfblaw.com

To:  BREON PEACE
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
Attn: Robert M. Pollack, Esq.
Margaret Schierberl, Esq.

---

[7] See, Exh. B.