UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>PAUL BELLOISI )<br>)<br>Defendant. )<br>_____ ) | Case No. 20-CR-219 (DLI)<br><br>The Hon. Dora Irizarry |

### AFFIDAVIT OF DEFENSE COUNSEL CONCERNING THE PREPARATION OF DEFENDANT'S RULE 29 MOTION

I, Benjamin L. Simpson, hereby swear and affirm, under penalty of perjury, that the following is true and accurate:

1. I am co-counsel to David J. Cohen and am an attorney of record for the defendant.

2. I am providing the present affidavit, at the direction of the Court, as an exhibit to the defendant's reply brief in support of his Rule 29 motion seeking a judgment of acquittal.

3. The defendant's Rule 29 motion brief filed on May 16, 2023 (ECF No. 86), as well as the amended motion brief filed on June 5, 2023 (ECF 89) and subsequently stricken by the Court on June 6, 2023, were prepared by me personally and were filed via ECF by our law firm paralegal at my direction on both occasions. Mr. Cohen took no part in the preparation of either the initial motion brief or the now stricken, amended brief. As our firm paralegal filed the brief via ECF, I understand that she did so under Mr. Cohen's account despite his lack involvement in the preparation of either brief. The brief bears both my name and Mr. Cohen's.

4. I did not in any way utilize ChatGPT or any other form of artificial intelligence software, application, or website in preparing either brief, or in any filing before this or any Court, nor did I rely upon any sources that did so.

5. As stated in footnote one to the now stricken, amended motion brief, the initial brief that was filed was not the fully revised or final version of the defendant's brief. It was in fact a not fully edited version of the motion I had saved in Microsoft Word format prior to finalizing the night before the filing was made on May 16, 2023. That prior version was subsequently edited significantly, but saved in a different folder on my laptop, as opposed to our firm server, prior to the unfinished version being erroneously filed. When I sent and asked our paralegal to change the Microsoft Word to a PDF for filing, I sent her not

the revised version completed that morning but the earlier, unrevised draft and I failed to fully review the final PDF document adequately prior to it being filed on ECF. If I had done so, I would have noticed the fact it was not the final version, which remained on my laptop, and would have corrected the error immediately.

6. I was then outside the U.S. from May 23 through May 31, 2023. On May 30, 2023, while away, I received an email from government counsel alerting me to some of the errors in the case citations noted in a footnote in the government's filing the following day.

7. Upon returning to the country this month and reviewing the correspondence from the government, I was able to ultimately determine what had taken place on May 16, 2023 causing the error. No one but I would have been able determine what had happened as the error stemmed from how I had saved the different versions of the brief on my laptop on May 15th and May 16th and I did not have that device with me while I was out of the country and until after the government had filed their opposition brief.

8. In attempting to remedy the error as quickly as I could, I then proceeded to style the final version (that should have been filed initially) as an amended brief and inserted what I had hoped was a sufficiently explanatory footnote. I recognize now that was not a proper way to proceed and that I was to apply for the Court's leave to amend the previously filed motion. I am truly apologetic for my oversight in this regard and I recognize that in my haste to correct one error I have made yet another.

9. With regard to the Court's concern about gamesmanship, it is for that reason that I did not, in any way, change the body of the brief that I had actually completed and saved on May 16th (but failed to file) when I readied it into the now stricken, amended motion, beyond describing the brief as an "amended" brief and adding footnote one in order to explain the reason for the filing.

10. I communicated with government counsel about the changes that were made in the relevant law section of page 4 of the brief that had been brought to my attention by counsel via email. The errors that existed in that section were an incorrect citation listed for one Second Circuit case (*U.S. v. Bulgin*, 563 Fed. Appx. 843, was incorrectly cited) as well as the absence of a case citation to another Second Circuit case (*U.S. v. Djibo* 850 Fed. Appx. 52, was not cited but should have been) and the mistaken inclusion of certain search phrases I had created and entered in conducting legal research. There was also the mistaken inclusion of another Second Circuit case (*U.S. v. Farhane*, 634 F.3d 127) which, while arguably relevant, was ultimately not useful and not something we wanted to cite in our brief. I also had mixed up and conflated the *Bulgin* matter with another

matter (*U.S. v. Glenn*, 312 F.3d 58) and when citing thereto for general purposes on page 14 of the brief.

11. The paragraph of the brief containing these either mistaken omissions or inclusions that I ultimately weeded out or added in to the brief when I did final revisions on May 16th had been left unattended to the night before when I finished an earlier draft. That unrevised paragraph where these errors appeared had not been reviewed or revised until my final revision of the brief and was an entirely unfinished product that included my own created search terms and phrases that had not yet been removed as they were in the final draft that was never filed until it was styled as the now stricken amended brief.

12. As the Court's June 6, 2023 Order describes, I also spent time on other sections of the brief on the morning of May 16th when I revised the paragraph on page 4 and made changes to several other sections as well, including some revisions to sentence structures and word choices, fixing typographical and grammar errors and adding sentences and dividing what felt like a bulky, compound paragraph into two paragraphs. All of these revisions were part of my final review of the brief but regrettably were all absent from the brief that was filed because I errantly directed our paralegal to file an earlier unrevised draft of the brief.

13. I again apologize to the Court and the government for the confusion and inconvenience that has arisen from my filing error and from my improper efforts to remedy the error.

_____
Benjamin L. Simpson, Esq.

Sworn to before me on this
9th day of June, 2023
_____
Notary Public

FIONA A. ANDERSON-KOWLESSAR
Notary Public, State of New York
No. 01AN6396557
Qualified in Queens County
Commission Expires 08/19/2023